JIMMIE STEPHEN #C56483
_____
Petitioner

Hernandez et al
_____
Respondent(s)

DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS

08CV0357 LAB (BLM)

I, JIMMIE STEPHEN, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? ☐ Yes ☒ No

    a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

    b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____

2. Have you received, within the past twelve months, any money from any of the following sources?

    a. Business, profession or form of self-employment?  ☐ Yes ☒ No
    b. Rent payments, interest or dividends?             ☐ Yes ☒ No
    c. Pensions, annuities or life insurance payments?   ☐ Yes ☒ No
    d. Gifts or inheritances?                            ☐ Yes ☒ No
    e. Any other sources?                                ☐ Yes ☒ No

If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _____

3. Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*
    ☐ Yes ☒ No
    If the answer is yes, state the total value of the items owned: _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes ☒ No

   If the answer is yes, describe the property and state its approximate value: _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____NONE_____

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on __2-21-08__
          Date                                    Signature of Petitioner

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $___0___ on account to his credit at the __California Men's Colony__ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: __0__

__2-28-2008__                          __Karen Mock        Acct. Tech.__
     Date                              Authorized Officer of Institution/Title of Officer

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIFORNIA MENS COLONY
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: AUG. 28, 2008 THRU FEB. 28, 2008

ACCOUNT NUMBER : C56483                BED/CELL NUMBER: EFAQB1F100001149X
ACCOUNT NAME   : STEPHEN, JIMMIE EARL   ACCOUNT TYPE: I
PRIVILEGE GROUP: B

TRUST ACCOUNT ACTIVITY

<< NO ACCOUNT ACTIVITY FOR THIS PERIOD >>

CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|---|---|---|---|---|
| 04/17/2007 | H106 | UNITED PARCEL SERVICE HOLD | 4498/501 | 3.07 |

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 3.07 | 0.00 |

CURRENT
AVAILABLE
BALANCE
----------
3.07-

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST: 02-28-2008
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY Karen Mock Acct-Tech.
TRUST OFFICE

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| JIMMIE STEPHEN, | Civil No. 08-0357 LAB (BLM) |
|---|---|
| Petitioner, | |
| v. | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| HERNANDEZ, et al., Warden | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, no later than **April 15, 2008,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

///
///
///
///

-1-

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims that the Court erred in dismissing several of his civil rights complaints, filed under 42 U.S.C. § 1983; and counting the dismissals as strikes under 28 U.S.C. § 1915(g). (<u>See</u> Pet. at 6, 7, 9, 11.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Moreover, Petitioner's claims are not cognizable on habeas because the do not challenge the constitutional validity or duration of Petitioner's confinement. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).

## FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge

their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

/ / /

The Court also notes that the statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104 (2000). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## FAILURE TO NAME A PROPER RESPONDENT

Finally, review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "The 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner incorrectly named "Hernandez," "IRS," "Rhodes," "Lacy," "Shear," and "The Attorney General of the State of California" as Respondents. None of these parties has custody over Petitioner, who id confined at California Men's Colony. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden *currently* in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION

Based on the foregoing, the Petition is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement, failure to state a cognizable federal habeas corpus claim, failure to allege exhaustion of state judicial remedies and failure to name a proper respondent. In order to have this case reopened, Petitioner must, **no later than April 15, 2008**, (1) either

///

1 | pay the filing fee or provide adequate proof of his inability to pay <u>and</u> (2) file a First Amended
2 | Petition which curies the deficiencies discussed above.  *For Petitioner's convenience, the Clerk*
3 | *of Court shall attach to this Order a blank application to proceed in forma pauperis and a blank*
4 | *First Amended Petition form.*
5 | **IT IS SO ORDERED.**

7 | DATED: February 29, 2008

*[signature: Larry A. Burns]*

HONORABLE LARRY ALAN **BURNS**
**United States District Judge**